| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> NAIBEYE KOUMBAIRIA <br><br> Defendant. | Criminal Action No. 08-213-1 (JDB) <br><br> Civil No. 13-743 (JDB) |

## MEMORANDUM OPINION

Before the Court is petitioner Naibeye Koumbairia's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

Following Koumbairia's plea of guilty to sixteen charges based on his participation in a bank fraud conspiracy, the Court sentenced Koumbairia to 100 months on each count, to run concurrently. See Judgment [ECF No. 240]. Previously, he had been convicted under 18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted felon. See United States v. Koumbairia, No. 10-3016, 2013 WL 597656, at *1 (D.C. Cir. Feb. 1, 2013). Koumbairia appealed the bank fraud sentence and argued that in sentencing him, the Court improperly double-counted his possession of a gun when it (a) increased his base offense level for possessing a gun during the course of the bank fraud conspiracy and (b) calculated his criminal history category based in part on his prior gun possession sentence. See U.S.S.G. § 4A1.2(a)(1) ("The term 'prior sentence' means any sentence previously imposed . . . for conduct not part of the instant offense.").

The indictment in this case charged that Koumbairia possessed a gun on March 6, 2007, as a part of a fraud conspiracy, yet before he pled guilty to the bank fraud charges, he had been

1

convicted under section 922(g)(1) for that gun possession. The Court increased his base offense level for the bank fraud sentence based on separate instances of gun possession during the bank fraud conspiracy. See Koumbairia, 2013 WL 597656, at *2-3. The Court explained that Koumbairia's earlier sentence for his section 922(g)(1) conviction did not take into consideration his use of "a gun in any way in connection with this bank fraud." Tr. of Sent. Hr'g [ECF No. 260] 54. In other words, even though the indictment charged that Koumbairia possessed a gun on March 6, 2007, as part of the bank fraud conspiracy, because the Court found that the prior sentence was not based on his use of a gun in connection with the conspiracy, the Court could rely on that sentence to increase his criminal history category while also increasing his base offense level based on separate instances of gun possession in connection with the bank fraud conspiracy. On appeal, the D.C. Circuit found no "clear" or "obvious" error in this Court's offense level or criminal history calculations, and affirmed the sentence as imposed. Koumbairia, 2013 WL 597656, at *3.

Koumbairia, proceeding pro se, has now moved to vacate, set aside, or correct his sentence under section 2255, arguing that his counsel was constitutionally deficient for not objecting to the Court's sentencing calculations and for not moving to dismiss the indictment.

### STANDARD OF REVIEW

Under section 2255, a prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside, or correct its sentence if the prisoner believes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Such a motion will be granted only in limited circumstances because of the premium placed on

the finality of judgments and because of the opportunities prisoners have to raise most of their objections during trial or on direct appeal. See United States v. Frady, 456 U.S. 152, 164 (1982) ("Once the defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted, especially when . . . he already has had a fair opportunity to present his federal claims to a federal forum."). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." Id. at 166. The defendant bears the burden of proving his claims by a preponderance of the evidence. United States v. Simpson, 475 F.2d 934, 935 (D.C. Cir. 1973).

Even so, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto." § 2255(b). But a district court need not conduct an evidentiary hearing before denying a section 2255 motion when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." Id.; accord United States v. Morrison, 98 F.3d 619, 625 (D.C. Cir. 1996). "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Rules Governing § 2255 Proceedings, Rule 4(b).

## DISCUSSION

Koumbairia argues only that his counsel was constitutionally ineffective. The Sixth Amendment to the United States Constitution guarantees "the right to the effective assistance of counsel," Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted), and a habeas petitioner may raise an ineffective assistance of counsel claim for the first time in a section 2255 proceeding "whether or not [she] could have raised the claim on direct

appeal," <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003). To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his lawyer performed deficiently, <u>see</u> <u>Strickland</u>, 466 U.S. at 687 (requiring showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"), and that the petitioner was prejudiced by the lawyer's mistakes, <u>see</u> <u>id.</u> at 694 (requiring "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." <u>Id.</u> at 700.

## I.   KOUMBAIRIA'S COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO OBJECT TO THE COURT'S SENTENCING CALCULATIONS

Koumbairia first argues that his counsel was ineffective because his counsel failed to object when the Court increased his criminal history category based on Koumbairia's prior gun conviction even though the Court also increased his base offense level because he possessed a gun in connection with the bank fraud offense. The D.C. Circuit, however, found that this Court did not commit a "clear" or "obvious" error in calculating Koumbairia's criminal history. <u>Koumbairia</u>, 2013 WL 597656, at *3. Koumbairia nevertheless believes that had his counsel objected, either (1) the Court would not have used the conviction to enhance his criminal history category; or (2) the D.C. Circuit would have (a) reviewed the criminal history calculation under a less deferential standard of review than plain error review, (b) determined that the Court erred, and (c) reversed. Because his counsel did not object, Koumbairia contends that his assistance was constitutionally deficient.

Yet had his counsel objected to the Court's criminal history calculation, it would have made no difference. To begin with, the Court did not rely on the March 6, 2007 gun possession in calculating Koumbairia's base offense level. <u>See</u> Tr. of Presentence Hr'g [ECF No. 259] 87.

Instead, the Court relied on other instances in which Koumbairia possessed a firearm in connection with the fraud scheme. Id. From that alone, the Court could conclude that it did not engage in double-counting. See, e.g., United States v. Crosson, 166 F.3d 1210, at *1 (4th Cir. 1998) (Table) (no error where district court increased criminal history category because it did not rely on prior sentence in computing offense level); United States v. Oser, 107 F.3d 1080, 1086, 1088 (3d Cir. 1997) (prior sentence was not relevant conduct for criminal history purposes where court did not rely on prior offense in computing base offense level).

Further, when relying a on prior sentence to calculate criminal history, "'prior sentence' means any sentence previously imposed . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). The conduct at issue here is the gun possession underlying Koumbairia's section 922(g)(1) conviction. To be "part of the instant offense," or "relevant conduct," id. § 4A1.2 app. n.1, that possession must have "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense," id. § 1B1.3(a)(1)(B). Here, the Court did not consider the conduct for the section 922(g)(1) conviction to be "in any way [connected to] this bank fraud." Tr. of Sent. Hr'g [ECF No. 260] 54. In other words, the Court found that the prior sentence was imposed for conduct unrelated to the bank fraud offense—a finding congruent with its lack of reliance on that conduct when calculating the base offense level for the fraud sentence. See Tr. of Presentence Hr'g [ECF No. 259] 87. Had Koumbairia's counsel objected, the Court would have overruled the objection based on the above analysis. Hence, Koumbairia suffered no prejudice on that basis, meaning that Koumbairia's counsel was not constitutionally deficient—he was not obligated to raise a meritless argument. United States v. Watson, 717 F.3d 196, 198 (D.C. Cir. 2013) ("[C]ounsel

does not perform deficiently by declining to pursue a losing argument."); United States v. Kelly, 552 F.3d 824, 831 (D.C. Cir. 2009) (counsel "not obliged to raise a meritless defense").

Moreover, it appears unlikely that the D.C. Circuit would have determined that the Court erred in so concluding. Other circuits have confronted the question of how to determine whether a prior sentence constitutes relevant conduct when calculating criminal history. See United States v. Torres, 182 F.3d 1156, 1159 (10th Cir. 1999) (surveying case law). Some courts ask simply "whether the prior sentence was actually taken into account by the sentencing court in determining the total offense level." Id. at 1159 (citing Crosson, 166 F.3d at 1210; Oser, 107 F.3d at 1086, 1088). Under that standard, the Court did not err because the Court relied on other instances of gun possession, explicitly disclaiming reliance on the March 6, 2007 possession when determining the base offense level.

Another approach is to "make an independent evaluation of whether the prior sentence constituted relevant conduct based on factors such as the similarity, temporal proximity, and regularity of the indicted offense and the prior offense."[1] Torres, 182 F.3d at 1159-60 (citing United States v. Phillips, 129 F.3d 118, at *2 (4th Cir. 1997) (Table); United States v. Walling, 936 F.2d 469, 471 (10th Cir. 1991)). The section 922(g)(1) conviction was based on Koumbairia's constructive possession of a gun that was found in his home during the execution of a search warrant. Whether the simple fact of keeping a gun in the house while engaging in an ongoing bank fraud conspiracy alone constitutes "relevant conduct" is questionable. It may instead support the alternative conclusion that Koumbairia kept a gun in his home for self-defense purposes—which would not be "relevant conduct." Rather than possessing the gun "in connection with" the bank fraud offense, Koumbairia was convicted of a strictly possessory

---

[1] Some courts combine the two approaches, but under either approach, independently or in combination, the prior sentence did not constitute relevant conduct here. See Torres, 182 F.3d at 1160.

offense, and the gun was found in his home, not on his person. <u>Koumbairia</u>, 2013 WL 597656, at *2-3. In contrast, when making a ruling on the base offense level under the Sentencing Guidelines, the Court found that there was "substantial evidence that reveals that defendant was seen with a gun, that he was prepared to confront someone that he believed stole money from the conspiracy with the aid of the gun, and that he had a gun with him when he was accompanying [a co-conspirator] as she cashed a fraudulent check." Tr. of Presentence Hr'g [ECF No. 259] 87. Each of those instances supported a finding that Koumbairia "possess[ed a firearm] in connection with the offense," a finding that overlaps considerably with a finding that the possession constituted "relevant conduct." U.S.S.G. § 2B1.1(b)(13)(B). Hence, it seems unlikely that the D.C. Circuit would conclude, even under a less deferential standard, that the Court erred in finding that Koumbairia's sentence for gun possession was not "relevant conduct." U.S.S.G. § 4A1.2 app. n.1. Thus, because he has not shown any prejudice due to his counsel's failure to object, Koumbairia cannot show that his counsel was ineffective under <u>Strickland</u>.

## II. KOUMBAIRIA'S COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO MOVE TO DISMISS THE INDICTMENT

Koumbairia also argues that his counsel was constitutionally deficient because he did not move to dismiss the fraud indictment. He contends that he was prejudiced because the gun charge was severed from the bank fraud charges, meaning that when he was sentenced for the bank fraud charges after he finished serving his prison sentence on the gun charge, the Court could not sentence him to concurrent sentences—and his criminal history category was increased because of the prior gun possession sentence—so he received a longer total term of imprisonment. Read broadly, his argument is that the delay in indicting him on the bank fraud

charges violated the Due Process Clause.[2] But as with the double-counting issue, Koumbairia cannot show that he was prejudiced by his counsel's failure to move to dismiss the indictment: no basis existed for such a motion.

Excessive pre-indictment delay "offends due process if the defendant can carry the burden of showing (1) that the government delayed bringing the indictment in order to gain a tactical advantage; and (2) that the delay caused him actual and substantial prejudice." United States v. Mills, 925 F.2d 455, 464 (D.C. Cir. 1991), modified on other grounds, 964 F.2d 1186 (D.C. Cir. 1992) (en banc). Even if Koumbairia could show that the delay caused him sentencing prejudice[3]—which is questionable given the analysis above—he offers no evidence to support his claim that the government intentionally delayed in order to gain a tactical advantage. See United States v. Lovasco, 431 U.S. 783, 790 (1977) (noting that "proof of prejudice is generally a necessary but not sufficient element of a due process claim, and that the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused"); United States v. Pollack, 534 F.2d 964, 969 (D.C. Cir. 1976) (no due process claim for pre-indictment delay where defendants did not meet their "substantial burden" to show that "the government acted

---

[2] To the extent Koumbairia argues that the indictment should have been dismissed because the gun charge should not have been severed, he is incorrect. Federal Criminal Rule 8(a) provides that an indictment "may" charge a defendant with separate counts in two or more offenses, but only if those offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." In other words, even if the bank fraud offenses and the gun possession offense were sufficiently related to be joined—an uncertain proposition given the above analysis—Rule 8(a) is a rule of permissive joinder, not mandatory joinder. See, e.g., United States v. Giwa, 831 F.2d 538, 542 n.4 (5th Cir. 1987); United States v. Worthy, 755 F. Supp. 2d 226, 231 n.9 (D. Maine 2010). Hence, the Court would have denied a motion to dismiss that was premised solely on the argument that the government improperly severed the gun possession charge from the bank fraud indictment.

[3] Moreover, even assuming that Koumbairia was actually prejudiced when the government severed the bank fraud charges—thus leading to pre-indictment delay on those charges—it is not settled that this is the kind of prejudice that violates the Due Process Clause. See, e.g., United States v. Bridgeman, 523 F.2d 1099, 1112 (D.C. Cir. 1975) (defendant must show "that the delay caused substantial prejudice to [his] rights to a fair trial") (emphasis added). In fact, several courts have held that because pre-indictment delay causing only sentencing prejudice does not implicate a defendant's right to a fair trial, such delay does not violate the Due Process Clause. See United States v. Uribe-Rios, 558 F.3d 347, 358-59 (4th Cir. 2009); United States v. Ricketson, 498 F.2d 367, 371 (7th Cir. 1974). But see United States v. Ray, 578 F.3d 184, 199 (2d Cir. 2009) (applying due-process analysis to pre-indictment delay's prejudicial effect on sentencing); United States v. Sanders, 452 F.3d 572, 577, 580 (6th Cir. 2006) (same).

with impropriety"). In addition, the government has countered persuasively that the pre-indictment delay on the bank fraud charges was due to the complexity of defendants' scheme and the large volume of evidence against them. See Gov't's Opp'n [ECF No. 302] ("Gov't's Opp'n") 22-23; see also United States v. Bridgeman, 523 F.2d 1099, 1112 (D.C. Cir. 1975) ("The obvious reason for the delay was the magnitude and complexity of the crimes."); Lovasco, 431 U.S. at 790-91 (prosecutors "are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish a suspect's guilt beyond a reasonable doubt"). And the government indicted Koumbairia well within the statute of limitations. See Gov't's Opp'n at 23; 18 U.S.C. §§ 3282, 3293. Hence, even if Koumbairia's counsel had moved to dismiss the indictment based on the pre-indictment delay, the Court properly would have denied that motion, and thus his failure to so move caused Koumbairia no prejudice under Strickland.

## III. KOUMBAIRIA'S COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO ELICIT TESTIMONY FROM KOUMBAIRIA AT THE EVIDENTIARY HEARINGS

Finally, Koumbairia also argues that his counsel was constitutionally deficient because he did not elicit certain testimony from Koumbairia at the evidentiary hearings related to his sentencing. Koumbairia does not argue that he was denied his constitutional right to testify on his own behalf. Instead, he argues that if his counsel had put him on the stand, he would have testified that the gun found in his home during the March 6, 2007 search was the same gun used in the instances upon which the Court relied to increase his base offense level, and that this fact would have changed the Court's "relevant conduct" analysis for the criminal history category. But this purported failure is also not a basis on which to find his counsel ineffective. The Court disclaimed reliance on the March 6, 2007 possession not because it was a different gun, but

because the possession was of a different character altogether: the other instances of possession clearly supported a finding that Koumbairia used the gun to protect the proceeds of the bank fraud conspiracy. See Tr. of Presentence Hr'g [ECF No. 259] 87. The constructive possession of a gun in his home does not so neatly demonstrate that Koumbairia was using the gun for that purpose—even if it was the same gun—so the Court did not rely on it. Thus, even had Koumbairia testified that it was the same gun, the Court's sentencing calculations would not have changed; the March 6, 2007 gun possession simply was not "relevant conduct." Hence, Koumbairia suffered no prejudice under Strickland because the result would have been the same, and his ineffective assistance claim must fail.

## CONCLUSION

Upon a careful review of petitioner's motion and the entire record of this criminal proceeding, the Court concludes that a hearing is unnecessary. See Morrison, 98 F.3d at 625 (where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the judge need not conduct an evidentiary hearing (quoting § 2255)). The relevant filings here conclusively show that Koumbairia is not entitled to relief under Strickland on his ineffective assistance of counsel claims, and he does not identify any information outside the record that would aid the Court in evaluating his claims—with the exception of the testimony that it was the same gun, but that testimony would not aid the Court. See Toms, 396 F.3d at 437. Hence, the Court will deny the motion without holding an evidentiary hearing.

For the foregoing reasons, the Court will deny Koumbairia's section 2255 motion. A separate order has issued on this date.

_____/s/_____
JOHN D. BATES
United States District Judge

Dated:  <u>February 21, 2014</u>